1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10
11
   R O B E R T    A N T O N I O    C H A V E Z   1: 07 CV 01291 AWI  WMW HC
12  RODRIGUEZ,
                                              FINDINGS  AND  RECOMMENDATIONS  RE
13              Petitioner,                    MOTION TO DISMISS PETITION FOR WRIT
                                              OF HABEAS CORPUS
14
        v.                                    [Doc. 13]
15
16  THOMAS FELKER, WARDEN,
17              Respondent.
    _____/
18

19      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant

21  to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's

22  motion to dismiss.

23      Writ of habeas corpus relief extends to a person in custody under the authority of the United

24  States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show

25  he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

26  § 2241(c)(3).  Petitioner's claims are proper under 28 U.S.C. § 2241, as he challenges his detention

27  by the Bureau of Immigration and Customs Enforcement ("BICE").

28      Respondent has moved to dismiss this petition on the ground that it has become moot.

1    Specifically, Respondent argues that Petitioner was removed from the United States pursuant to a

2    final order of removal on November 21, 2007, thereby rendering this challenge to his detention

3    moot.  Petitioner has not opposed or otherwise responded to Respondent's motion.

4                                                    **DISCUSSION**

5            The case or controversy requirement of Article III of the Federal Constitution deprives the

6    court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

7    S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th

8    Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack

9    a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181,

10   1183 (1984).  The court has not power to decide a case that does not affect the rights of litigants in

11   the case before it. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254

12   (1990); Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705 (1974); Mitchell v. Dupnik, 75

13   F.3d 517, 527-28 (9th Cir. 1996).  In other words, the petitioner must have suffered an actual injury

14   that is traceable to the respondent and can be redressed by a favorable judicial decision.  Spencer v.

15   Kemna, 118 S.Ct. 978, 983 (1998); Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; NAACP, Western

16   Region, 743 F.2d at 1353.

17           In Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit reviewed the case of

18   a Cuban national who had been ordered excluded by the INS but whom remained in the INS's

19   custody because the INS was unable to physically remove the alien to Cuba.  Id. at 774.  By the time

20   the Ninth Circuit reviewed the case, however, the petitioner had been released from the INS's

21   custody.  Id. at 774-775.  The Ninth Circuit noted that normally the government's cessation of an

22   illegal action which the government can resume at any time does not render a case moot, see, e.g.,

23   Mesquite v. Alladin' Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 1074 (1982), but this rule has

24   never been applied to habeas corpus petitions.  Picrin-Peron, 930 F.2d at775-556.  The Ninth Circuit

25   then found that because the habeas petition only requested the petitioner's release from the INS's

26   custody and the INS had released the petitioner, there was no further relief the court could provide.

27   Id. at 776.  The Ninth Circuit then dismissed the action.  Id. at 776.

28           Pursuant to the reasoning of Picrin-Person, this instant case is moot.  The petition alleges that

1    Petitioner is being indefinitely confined and seeks his immediate releases from Immigration custody.

2    According to the documentation provided by the Respondent, Petitioner has been released from

3    custody.  Accordingly, there is no further relief the court can provide, See Picrin-Peron, 930 F.2d at

4    776, and a decision in Petitioner's favor will not redress any injury suffered by Petitioner.[1]

5         The mootness rule is subject to a "capable of repetition yet evading review" exception.  See

6    Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797 (1976); GTE California,

7    INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994).  The exception is met when: (1)

8    the "duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation;"

9    and (2) there is a reasonable probability that the petitioner will again be subject to the challenged

10   activity.  Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see also County of Los Angeles

11   v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979).

12        Petitioner has not opposed  Respondent's motion  and thus, has not argued that his detention

13   by the BICE is "capable of repetition yet evading review."   The court notes that Petitioner's

14   confinement by BICE is capable of repetition, and it is highly probable that Petitioner will again be

15   subject to the challenged activity should he find himself again in BICE custody for violation of the

16   supervisory conditions.  Should such circumstances occur, there is no reason why Petitioner cannot

17   again file a habeas corpus petition concerning the alleged violation of his liberty interest.  That such

18   a petition is capable of addressing Petitioner's injury is supported by the numerous habeas corpus

19   petitions which are currently being resolved by this court concerning aliens ordered deported but

20   whom remain in BICE custody because they have not yet been removed. See Fed. R. Evid. 201(b)

21   (court may take notice of facts that are capable of accurate and ready determination by resort to

22   sources whose accuracy cannot reasonably be questioned).

23        Further, this court cannot determine if the BICE's possible future confinement of Petitioner

24   will violate Petitioner's Constitutional rights.  Any fear that the BICE may take an action against

25

26        [1] The Court notes that the facts of this case differ from Picrin-Peron in that the petitioner in Picrin-Peron was not
     in state custody and the INS had submitted a declaration claiming that unless the petitioner committed a crime, travel

27   documents were issued, or INS law changed, the petitioner would not return to the INS's custody.  Picrin-Peron, 930 F.2d
     at 776.  In this case, petitioner's current incarceration in state prison makes petitioner's possible future detention by the INS

28   more likely.  However, unlike other civil actions, petitioner is only requesting release from the INS's custody, which has
     already been accomplished. And, petitioner does not meet any of the recognized exceptions to mootness as discussed infra.

petitioner in the future does not create a case or controversy because such a case is not ripe for adjudication.  See United Pub. Workers v. Mitchell, 330 U.S. 75, 91, 67 S.Ct. 556, 565 (1947), *overruled on other grounds by* Adler v. Board of Educ., 342 U.S. 485, 72 S.Ct. 380 (1952); Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1406 (9th Cir. 1991). "Concrete legal issues, presented in actual cases, not abstractions are requisite" for the adjudication of a case.  United Pub. Workers, 330 U.S. at 75, 67 S.Ct. at 564.

Thus, Petitioner's habeas corpus petition must be dismissed because the BICE's release of Petitioner from custody has rendered the habeas corpus petition moot.  In addition, the court cannot review potential future detention of petitioner by BICE after he is released from custody because such an issue is not yet ripe for adjudication.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as MOOT.

These Findings and Recommendations are submitted to the District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 20, 2008            /s/  William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE